IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 19, 2002

## DAVID ANDREW JACKSON, JR. v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Knox County**
**No. 72613     Ray L. Jenkins, Judge**

**No. E2001-02646-CCA-R3-PC**
**October 9, 2002**

The petitioner, David Andrew Jackson, Jr., was convicted by a jury in the Criminal Court of Knox County of six counts of aggravated sexual battery, Class B felonies, and two counts of rape of a child, Class A felonies. Prior to sentencing, the petitioner also pled guilty to one pending count of aggravated sexual battery and two pending counts of rape of a child. Pursuant to the plea agreement, the petitioner received an effective sentence of twenty years incarceration in the Tennessee Department of Correction to be served at one hundred percent (100%). The petitioner timely filed for post-conviction relief, alleging ineffective assistance of counsel. The post-conviction court denied his petition. On appeal, the petitioner challenges the post-conviction court's finding that the petitioner received effective assistance of counsel. After reviewing the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID H. WELLES, J., joined.

Albert J. Newman, Jr., Knoxville, Tennessee, for the appellant, David Andrew Jackson, Jr.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Leland Price, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

The petitioner was originally charged with thirty-seven counts of sex offenses involving four different children. On September 13, 2000, a jury convicted the petitioner of six

counts of aggravated sexual battery and two counts of rape of a child for offenses involving J.R.[1] Prior to sentencing, the petitioner pled guilty to one pending charge of aggravated sexual battery and two pending charges of rape of a child. The remaining charges were dismissed. In accordance with the plea agreement, the trial court sentenced the petitioner to eight years incarceration for each aggravated sexual battery conviction and twenty years incarceration at one hundred percent (100%) for each rape of a child conviction. The trial court further ordered that the sentences be served concurrently for a total effective sentence of twenty years at one hundred percent (100%).

The petitioner timely filed a pro se petition for post-conviction relief, and the post-conviction court appointed counsel to represent the petitioner. An amended petition was filed, alleging that the petitioner received ineffective assistance of counsel because his trial counsel failed to investigate the facts of the case, failed to discuss the theories of defense with the petitioner, insisted that the petitioner plead guilty to the charges and became angry when the petitioner refused, failed to prepare for trial, failed to interview potential witnesses, failed to advise the petitioner of the State's evidence, and ignored the petitioner's request to strike two jurors during jury selection. The post-conviction court subsequently held an evidentiary hearing, at which the petitioner and his trial counsel testified. The State also entered into evidence a transcript of the submission hearing, a transcript of the voir dire proceedings, a copy of the plea agreement, and other related documents.

At the evidentiary hearing, the petitioner testified that, during the course of counsel's representation, he met with counsel no more than ten times. The petitioner further contended that, when he did meet with counsel, counsel failed to share any pleadings, theories of defense, or the State's evidence with the petitioner. However, the petitioner then testified that counsel did inform him that the victims were planning to testify and that the State was going to call witnesses to testify that the petitioner had confessed in their presence. The petitioner also conceded that he was aware that the State had in its possession a blanket and a tape recording of a conversation between the petitioner and his ex-wife in which the petitioner admitted that he committed the crimes.

The petitioner testified that counsel advised him to accept the plea offer made by the State the week before trial and that counsel "got mad" when he refused. Additionally, the petitioner testified that, at trial, counsel failed to call witnesses that the petitioner wanted to testify and ignored the petitioner's request to strike two potentially biased jurors, one of whom was a victim of sexual assault. However, the petitioner conceded on cross-examination that the witnesses were character witnesses with no first hand knowledge of the alleged crimes and that, at the conclusion of jury selection, the petitioner signed a jury acceptance form. According to the petitioner, "I done what my lawyer told me to do."

Finally, the petitioner testified that after the jury convicted him, he asked counsel to "work something out." The petitioner testified that counsel approached the State for a plea and returned with an offer of twenty years. However, the petitioner testified that when he signed the agreement, he believed that the offer only applied to the tried cases. The petitioner asserted that he

---

[1]     It is the policy of this court to identify minor victims of sex crimes by their initials.

did not understand that he was pleading guilty to any additional charges, or that he was receiving concurrent twenty year sentences. Although the petitioner conceded that both counsel and the trial court reviewed the agreement with him and that he signed the plea documents setting forth the terms of the agreement, the petitioner maintained that the agreement was not explained to him in a way that he understood. He contended that counsel told him not to read the agreement, but to "just sign it." The petitioner testified that had he known that he was pleading guilty to additional charges and receiving additional twenty year sentences, he would not have signed the agreement, but would have insisted on going to trial on those charges.

The petitioner's trial counsel testified that approximately sixty percent (60%) of his practice was in the area of criminal defense and that he had been handling child sexual abuse cases since 1975. In contradiction to the petitioner's testimony, counsel testified that he sent the petitioner a copy of every pleading and, although he could not recall the exact number of times he met with the petitioner, "it was more than adequate." Counsel testified that he advised the petitioner of all the State's evidence, including not only the blanket and tape, but also sexual paraphernalia and magazines. Moreover, counsel testified that, "because of some unusual matters that developed in reference to the tape recording[,]" the defense was able to get evidence from the State beyond the scope of discovery, which counsel discussed with the petitioner.

In regard to the original plea offer, counsel testified that while he did advise the petitioner to accept the offer, it was the petitioner's decision to make. Moreover, counsel insisted that he was prepared to go to trial at the time the offer was made and rejected. When asked why he did not call the witnesses whom the petitioner requested, counsel responded that he made a strategic decision after concluding that the witnesses' testimony would not benefit the petitioner. Counsel further testified that jury selection was always a "joint effort" between counsel and his client and that he consulted with the petitioner as to each potential juror. Although counsel could not recall which jurors had been excused, counsel stated that he believed the trial court excused the sexual assault victim for cause.

Counsel testified that after the jury convictions, he approached the State about a possible plea offer. Counsel testified that the State made an offer to settle all the cases, contingent upon the petitioner not appealing the jury convictions. When asked whether he believed the petitioner understood the terms of the guilty plea, counsel responded,

> . . . I know he did. He understood exactly what was going on because there's two documents. . . . One is the court plea papers. The second one is a plea agreement that we had reduced to writing and went over with [the petitioner], had him sign it, as we did with the court plea papers. . . . I discussed it with him, and he- -he signed it and he fully understood it.

At the conclusion of the testimony, the post-conviction court denied the petition for post-conviction relief. Specifically, the post-conviction court found that the petitioner did not prove by clear and convincing evidence that his trial counsel was ineffective. The post-conviction court

did not accredit the petitioner's testimony, but gave greater weight to the testimony of trial counsel, finding that counsel's preparation, examination of the witnesses, and voir dire were all within the range of competence required of criminal defense attorneys. Because the post-conviction court concluded that the petitioner did not prove deficient performance, the court did not address the prejudice prong. The petitioner appeals the denial of his petition for post-conviction relief.

## II. Analysis

In a post-conviction proceeding, the petitioner bears the burden of proving the grounds raised in the petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). On appeal, a claim of ineffective assistance of counsel presents a mixed question of law and fact subject to de novo review. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). As such, the post-conviction court's findings of fact are entitled to a presumption of correctness unless the evidence preponderates against those findings. Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). The credibility of the witnesses and the weight and value to be afforded their testimony are questions to be resolved by the post-conviction court and, on appeal, the burden is on the petitioner to prove that the evidence preponderates against the post-conviction court's findings. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). However, a post-conviction court's conclusions of law, such as whether counsel's performance was deficient or whether that deficiency was prejudicial, are subject to a purely de novo review with no presumption of correctness. Fields, 40 S.W.3d at 458.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, "the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)). To establish deficient performance, the petitioner must show that counsel's performance was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To establish prejudice, the petitioner must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. In the context of a conviction stemming from a guilty plea, "the petitioner must show 'prejudice' by demonstrating that, but for counsel's errors, he would not have pleaded guilty but would have insisted upon going to trial." Hicks v. State, 983 S.W.2d at 246; see also Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985). Furthermore,

> [b]ecause a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component.

Goad, 938 S.W.2d at 370 (citing Strickland, 466 U.S. at 697, 104 S. Ct. at 2069).

In his brief, the petitioner maintains that "the evidence supports his allegation that he wanted to have a jury trial in all his cases, as he was not guilty of any crime and only accepted a [twenty] year sentence believing he [would then] have a jury trial on his remaining cases." We disagree. The only evidence in the record indicating that the petitioner was unaware of the terms of the plea agreement consists of the petitioner's own testimony. According to the transcript of the submission hearing, not only did the trial court explain to the petitioner that the agreement included guilty pleas to the pending charges, but the State went over in detail the facts of each case to which the petitioner was pleading guilty. When asked by the trial court if he understood the terms of the agreement, the petitioner answered in the affirmative. Furthermore, the State entered into evidence a copy of the plea agreement, signed by the petitioner, which indicated that the petitioner was pleading guilty to the additional charges. Because the petitioner has not carried his burden of proving that the evidence preponderates against the post-conviction court's findings of fact, we are bound by the post-conviction court's conclusion that the petitioner received effective assistance of counsel.

### III.  Conclusion

For the foregoing reasons, we affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE

-5-